UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMIE R. MAPES,

    Plaintiff,

Case No.: _____

v.

WASHINGTON COUNTY, SHERIFF DALE
SCHMIDT, JOHN DOES 1-10, and
ABC INSURANCE COMPANY,

    Defendants.

# COMPLAINT

NOW COMES Plaintiff, Jamie R. Mapes, by his attorneys, Cade Law Group LLC, and as and for his complaint against the Defendants, alleges and shows to the Court as follows:

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of the Plaintiff's rights guaranteed by the United States Constitution and the Eighth and Fourteenth Amendments.

2. This Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1342(a)(4), and 1367(a), as alleged *infra.*

3. At all times mentioned herein, all Defendants were acting under color of state law, or rights secured to plaintiff by the Eighth and Fourteenth Amendments to the United States Constitution and the laws of the United states. This Court has supplemental jurisdiction over these claims asserted under state law by virtue of 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the events complained of arose in this judicial district, and the Defendants work or are located in this District.

**THE PARTIES**

5. Plaintiff Jamie R. Mapes ("Mapes") is an inmate of the State of Wisconsin and currently housed at Oakhill Correctional Institution, 5212 County Highway M, Oregon, Wisconsin 53575. As alleged more fully below, Mapes suffered a serious eye injury as the result of having glass in his eye that went untreated and caused injury to his cornea.

6. Defendant Washington County ("Washington County") is a municipal entity in the State of Wisconsin and is located at 432 E. Washington Street, West Bend, Wisconsin 53095. Washington County, through the Washington County Sheriff's Department ("Department"), manages, oversees and operates the Washington County Detention and Corrections Facility ("Jail"), including the responsibility to provide medical care to prisoners and others in the custody of the Department. Further, the Department was responsible for the confinement, maintenance and medical care of all persons confined at the Jail. Washington County is responsible for the training, supervising and disciplining of Jail employees and Department employees, adopting, implementing and enforcing Jail policies and practices, and ensuring jail conditions and treatment of detainees comply with United States Constitution and other federal, state and local laws, as well as written jail policies. Washington County is liable for the Jail's policies, practices and customs that caused the harm alleged herein. Pursuant to Wis. Stat. § 895.46(1)(a), Washington County is required to pay or indemnify all judgments, including compensatory and punitive damages, attorney's fees and costs that that may be awarded against its officials, employees and agents.

7.  Defendant Dale Schmidt, at all times material, was the Sheriff of Washington County and the head of the Department. As the Sheriff, Schmidt is responsible for the health, safety, welfare and human treatments of all inmates at the Jail. Pursuant to Wis. Stat. § 302.336(2), Schmidt was responsible for the confinement, maintenance and medical care of all persons confined at the Jail. Schmidt is responsible for the training, supervising and disciplining of Jail employees and Department employees, adopting, implementing and enforcing Jail policies and practices, and ensuring jail conditions and treatment of detainees comply with United States Constitution and other federal, state and local laws, as well as written jail policies. At all times relevant here, Schmidt had personal knowledge of the defacto policies, practices and customs of inadequate medical care and/or the failure to provide any medical care at the Jail, amongst other defacto policies referred to herein. Schmidt's principal place of business is at 500 Rolfs Avenue, West Bend, Wisconsin 53090.

8.  Defendants John Does 1 to 10 are adult citizens of the State of Wisconsin and employees of either Washington County or the Department, responsible for the health, safety, security, welfare and humane treatment of all inmates housed at the Jail, including Mapes. Their identities are unknown presently. The Complaint will be amended to identify them by names when their identities are discovered.

9.  Collectively, defendants Washington County, Schmidt and John Does 1-10 shall be referred to as Defendants, unless otherwise stated.

10. Defendant ABC Insurance Company, upon information and belief, is a domestic insurance company duly conducting business in the State of Wisconsin and is engaged in the business, among other things, of issuing policies of insurance within the State of Wisconsin. Upon information and belief, prior to and including all relevant times

herein, ABC issued a policy of liability insurance to Washington County ad all its employees and/or agents thereof. By the terms of said policy, ABC agreed to pay any and all sums for which Washington County and/or its agents and employees might be held legally liable for injuries or damages caused by Washington County and/or its employees and agents. Upon information and belief, said ABC insurance policy was in full force and effect during all time periods relevant here. Pursuant to Wis. Stat. § 803.04, ABC is a proper party to this action.

## STATEMENT OF FACTS

11. Mapes was involved in a motor vehicle accident on January 26, 2017 in Waushara County, Wisconsin. At the time of his motor vehicle accident, Mapes suffered severe injuries and was taken by the Waushara County Sheriff's Department to the hospital for treatment.

12. Upon his discharge from the hospital, the Waushara County Sheriff's Department refused to take Mapes into custody due to the extent of his injuries, as Mapes was on probation in Washington County. The Department, by unknown Department deputies, picked up Mapes from the hospital and promised that he would receive medical care at the Washington County Jail because the jail employed nurses on staff.

13. At the time of his discharge from the hospital, Mapes was given appointments for numerous follow-up medical appointments. Despite knowing about these appointments, the Department and John Does 1-10 never took Mapes to any of his follow-up medical appointments.

14. Upon his arrival to the Washington County Jail, Mapes had the following injuries: a broken hand, dislocated should, neck pain, over twenty stapes and as many stitches in his head, and glass in his right eye.

15. Mapes never received treatment for his broken hand.

16.  Mapes' main injury was to his right eye. He prepared numerous internal requests at the Washington County Jail, and spoke to numerous members of the Jail staff, including members of the Department, to see a doctor for his eye injury and the glass that was in his right eye.

17.  Mapes also complained to his probation officer about his injuries.

18.  Mapes also had his mother make numerous telephone calls, to the Jail and his probation officer, over a two-week period while Mapes was at the Jail to allow Mapes to see a doctor for the glass in his eye.

19.  Subsequently, Mapes' Stepfather made a call and spoke to Sheriff Schmidt, who was an acquaintance of his Stepfather's from high school, to allow Mapes to receive outside medical care. Sheriff Schmidt then permitted Mapes to see a doctor the next day, which was approximately thirteen days after Mapes arrived at the Jail.

20.  Mapes was taken to an eye clinic in West Bend, Wisconsin, whereby several pieces of glass were removed from his right eye. Mapes was informed that he had permanent scarring on his cornea, and his only hope for relief was a cornea transplant.

21.  Subsequently, Mapes was transferred from the Jail to the Dodge Correctional Institution, and while an inmate at Dodge, he also was informed again that his eye was irreparably damaged, and a transplant was his only hope of restoring sight to his eye.

22.  Upon information and belief, the Department has a defacto policy of not providing adequate medical care to inmates, and more specifically, has a defacto policy of refusing to provide outside medical care to its inmates. The employees and agents of the Department enforce this defacto policy by refusing to allow inmates to receive outside medical care.

23. But for the delay in providing medical treatment to Mapes, his cornea would not have suffered serious damage such that a cornea transplant is his only hope for relief.

## **COUNT 1**
### Failure to Provide Adequate Medical Treatment - 42 U.S.C. § 1983
### (Against all defendants)

24. Mapes repeats and realleges the allegations contained in the preceding paragraphs as if fully stated here.

25. Defendants are aware or should know that prisoners and other persons in their custody require timely medical treatment.

26. Defendants were aware that Mapes was injured in a car accident and that he required subsequent medical treatment.

27. Mapes and his mother complained incessantly about Mapes' injuries, especially the injuries he sustained to his eye, and demanded that Defendants provide him medical care.

28. Defendants failed to provide or allow Mapes to seek medical treatment for his injuries and were deliberately indifferent to his injuries.

29. At all relevant times, Defendants, in failing to provide medical treatment to Mapes, have acted under color of State law to deprive Mapes of his constitutionally-protected rights, including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. The injuries Mapes suffered are the direct result of Defendants' failure to provide adequate medical care to Mapes.

30. Mapes has been injured in an amount to be determined by a jury.

## COUNT 2
### Municipal (*Monell*) Liability
### (Against Washington County – pursuant to Wis. Stat. § 1983)

31. Mapes repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

32. Prior to January 26, 2017, Defendant Washington County, through Schmidt and other supervisory members of the Department, knew, based upon numerous complaints by inmates of the Jail, that the Department failed or refused to provide adequate medical care to inmates of the Jail.

33. Despite this knowledge, Defendant Washington County, through Schmidt and other supervisory members of the Department, failed to take those steps necessary to provide adequate training and/or supervision to the Department's employees and agents to ensure that inmates of the Jail received adequate medical care as required by federal, state, and local law, and the United States Constitution.

34. Defendant Washington County and/or Schmidt's failure to provide adequate medical care amounts to a deliberate indifference on the party of Washington County through Schmidt and the Department to the constitutional rights of Mapes and others similarly-situated inmates of the Jail.

35. The deliberate indifference of Washington County, through Schmidt and/or other supervisory members of the Department, to the constitutional rights of inmates as to adequate medical care, despite repeated complaints and demands, directly and proximately caused Mapes, with respect to the allegations contained herein, to sustain pain, suffering, disability, embarrassment, humiliation, distress and a deprivation of his constitutional rights in an amount to be determined at trial.

## COUNT 3
## State Law Indemnification
### (Against Defendant Washington County)

36. Mapes repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

37. Pursuant to Wis. Stat. § 895.46, Defendant Washington County is obligated to pay any tort judgment for damages for which its employees are liable for acts occurring within the scope of their employment.

38. At all times material hereto, Defendants Washington County, Schmidt and Does 1-10, as alleged herein, committed the acts under color of law and within the scope of their employment with Defendant Washington County.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For damages in an amount to be determined at trial;
2. For attorney's fees pursuant to 42 U.S.C. § 1988;
3. For all costs and fees incurred in bringing this suit; and,
4. For such other and further relief as the Court deems proper.

Dated this 14th day of December, 2018.

**CADE LAW GROUP LLC**

By: s/Nathaniel Cade, Jr.
Nathaniel Cade, Jr.
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com

Attorneys for Plaintiff

**PLAINTIFF DEMANDS A TRIAL BY JURY OF TWELVE**